UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREEN LEAF NURSERY, INC.,

                             Plaintiff,

                                              CIVIL CASE NO. 05-40162

v.

KMART CORPORATION,                       HONORABLE PAUL V. GADOLA
                                                               U.S. DISTRICT COURT
                                  Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

On July 19, 2005, Plaintiff Green Leaf Nursery, Inc. filed a second amended complaint against Defendant Kmart Corporation. On August 19, 2005, Defendant filed a motion to dismiss Plaintiff's negligent misrepresentation, promissory estoppel, and common law breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, the Court will grant Defendant's motion.

**I.**     **Background**

This is a federal diversity case involving a contract dispute between Plaintiff and Defendant. Plaintiff is a Florida company engaged in the ornamental nursery business. Defendant is a retail company with a principal place of business in Troy, Michigan. On November 30, 1998, both parties entered into a Purchase Order Terms and Conditions Agreement. By the agreement, Plaintiff contracted to supply Defendant with a variety of nursery products. Purchase orders by Defendant to Plaintiff could be placed by various methods, including telephone, email, fax, or Electronic Data Transmission ("EDI"). Regardless of the method chosen by Defendant, both parties were bound to the terms of the contract. After an order was placed by Defendant, Plaintiff would commit the funds,

labor, and horticultural experience necessary to grow the ornamental products, and then ship the products at Plaintiff's expense to various Kmart store locations inside and outside the state of Florida.

Transactions between the parties ran smoothly from 1998 through 2003, with the alleged trouble beginning in 2004. According to Plaintiff's second amended complaint, Defendant ordered via the EDI system more products than were accepted. As a result, Plaintiff alleges that it suffered an economic loss of more than $1.4 million.

Plaintiff's second amended complaint contains four counts against Defendant. Count I is a common law breach of contract claim. Count II is a breach of contract claim under the Uniform Commercial Code ("UCC"). Count III is a promissory estoppel claim. Finally, Count IV is a negligent misrepresentation claim. In its motion, Defendant is only seeking to dismiss Counts I, III, and IV. Therefore, Count II will remain in this case.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d

10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

### III.  Plaintiff's Common Law Breach of Contract Claim

Count I is Plaintiff's common law breach of contract claim. Both parties concede that Michigan law applies when considering this count. For the damages sought in Count I, Plaintiff seeks economic losses resulting from a contract for the sale of goods, not services. Because of this, Plaintiff's claims under Count I are governed exclusively by the UCC. *See Neibarger v. Universal Coops.*, 486 N.W.2d 612, 623 (Mich. 1992) ("Since the damages sought in these cases are economic losses resulting from the commercial sale of goods, the plaintiffs' exclusive remedies are provided by the UCC."). Therefore, Plaintiff is barred from bringing its common law breach of contract claim, and Count I is subsequently dismissed from the case as a matter of law.

### IV.  Plaintiff's Promissory Estoppel Claim

Count III of the second amended complaint is Plaintiff's promissory estoppel claim. Both parties again agree that Michigan law applies when considering this count. Plaintiff concedes that where its promissory estoppel claim overlaps with its UCC claim, the promissory estoppel claim is barred. Plaintiff argues, however, that its promissory estoppel claim applies to damages that may not be recoverable under a breach of contract claim.

The Sixth Circuit has stated that "where . . . the performance which is said to satisfy the detrimental reliance requirement of the promissory estoppel theory is the same performance which represents consideration for the written contract, the doctrine of promissory estoppel is not applicable." *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990) (quoting the district court's decision, 703 F. Supp. 637, 647 n.10). The Court finds that this rule controls the instant case. All of the damages sought by Plaintiff arise out of the actions of the parties made pursuant to the November 30, 1998 Purchase Order Terms and Conditions Agreement. The performance which makes up Plaintiff's detrimental reliance is the same performance that forms Plaintiff's consideration for the written contract. Consequently, the doctrine of promissory estoppel is not applicable in the current case. Plaintiff, therefore, cannot bring its promissory estoppel claim, and Count III is subsequently dismissed from the case as a matter of law.

**V. Plaintiff's Negligent Misrepresentation Claim**

Count IV of the second amended complaint is Plaintiff's negligent misrepresentation claim. The choice of law clause of the Purchase Order Terms and Conditions Agreement states: "Each order, and all other aspects of the business relationship between buyer and vendor, shall be construed and enforced in accordance with the internal laws of the state of Michigan." The Court finds that this choice of law clause is controlling and that Michigan law applies when considering Plaintiff's negligent misrepresentation claim.

In Michigan, the economic loss doctrine "precludes [a] plaintiff from bringing an action in tort where damages arise out of the commercial sale of goods and the losses incurred are purely economic." *Allmand Assocs. v. Hercules Inc.*, 960 F. Supp. 1216, 1222-23 (E.D. Mich. 1997) (Gadola, J.). An exception to the economic loss doctrine recognized in Michigan courts is for fraud

in the inducement. *See id.* at 1227. This exception applies when the allegations of fraud are "extraneous to the contractual dispute." *Id.* at 1228; *Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir. 1999). In the instant case, Plaintiff's damages arise out of the commercial sale of goods to Defendant and Plaintiff's losses are purely economic. In addition, the Court finds that the alleged misrepresentations by Defendant were made in connection with the underlying contract dispute between the parties. Therefore, the Court is compelled to rule that the exception to the economic loss doctrine is not applicable in this case as there are no allegations of fraud "extraneous to the contractual dispute." Plaintiff is barred from bringing a negligent misrepresentation claim because of the economic loss doctrine, and Count IV is subsequently dismissed from the case as a matter of law.

**VI.   Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Count I (common law breach of contract), Count III (promissory estoppel), and Count IV (negligent misrepresentation) are **DISMISSED**, leaving only Count II (UCC) remaining in the action.

**SO ORDERED.**

Dated:   February 28, 2006               s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  February 28, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Michael David Martin; Patrick M. McCarthy; Michelle M. Wezner    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                   .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845
