UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREEN LEAF NURSERY, INC.,

                          Plaintiff,

                                              CIVIL CASE NO. 05-40162

v.

KMART CORPORATION,                         HONORABLE PAUL V. GADOLA
                                                                U.S. DISTRICT COURT
                                Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

      Before the Court is Defendant Kmart Corp.'s motion for summary judgment with regard to Plaintiff Green Leaf Nursery, Inc.'s Uniform Commercial Code ("UCC") breach of contract claim. Defendant argues that Plaintiff cannot establish that it suffered damages, and thus Defendant is entitled to summary judgment as a matter of law. For the reasons below, the Court denies Defendant's motion for summary judgment.

**I.     Background**

      Plaintiff began supplying plant products to Defendant in the 1980s. Plaintiff sold plants to Defendant through home office buys and individual store purchases. On November 30, 1998, the parties entered into a Purchase Order Terms and Conditions Agreement ("Agreement") which outlined the terms applicable to all subsequent purchase orders for home office buys.

      Transactions for home office buys were negotiated by verbal communications, telephone, fax, or spreadsheets between representatives for Plaintiff and Defendant. Defendant would then issue a purchase order to Plaintiff. Defendant generally issued separate purchase orders for each

store with shipping instructions through electronic data transmission. Plaintiff grew products based on Defendant's spreadsheets and shipped the ordered plants to Defendant's stores, at Plaintiff's expense, after receiving the purchase orders. Plaintiff alleges that cancellations to orders occurred during the parties' long relationship, but the cancellations were generally discussed prior to shipment and never amounted to more than 10% of an order.

The business relationship between the parties continued without incident until 2004. In February 2004, Defendant began refusing some of the plants ordered. Defendant's refusal of some of Plaintiff's plants continued monthly thereafter through October, when Plaintiff terminated the relationship. Plaintiff alleges that, due to Defendant's actions, Plaintiff has suffered damages totaling more than $1.4 million.

On March 2, 2005, Plaintiff filed an action against Defendant and Kmart Management in the United States District Court for the Southern District of Florida. Subsequently, Plaintiff voluntarily dismissed Kmart Management from the lawsuit. On May 19, 2005, the action was transferred to this Court. Jurisdiction is based on diversity of citizenship. Plaintiff is a Florida corporation with its principal place of business in Homestead, Florida. Defendant is a Michigan corporation with its principal place of business in Troy, Michigan.

On June 22, 2005, Plaintiff filed an amended complaint against Defendant alleging the following claims: (I) common law breach of contract, (II) UCC breach of contract, (III) promissory estoppel, and (IV) negligent misrepresentation. Defendant filed its answer on August 19, 2005, along with a motion to dismiss counts I, III, and IV of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 28, 2006, this Court granted Defendant's motion to dismiss counts I, III, and IV. Accordingly, only count II, the UCC breach of contract claim, remains

before the Court.

On October 10, 2006, Defendant filed a motion for summary judgment as to Plaintiff's UCC breach of contract claim, arguing that Plaintiff has not submitted evidence of damages with enough certainty to sustain the action, that Plaintiff cannot recover as a lost volume seller, and that Plaintiff is not entitled to incidental damages. Plaintiff responded on November 7, 2006, arguing it has shown damages with enough certainty and there is a genuine issue of material fact, and thus, summary judgment is not appropriate as a matter of law. On November 28, 2006, Defendant replied arguing that Plaintiff has only submitted conclusory affidavits, inadmissible evidence, and incoherent arguments in support of its damages. Defendant also argues that Plaintiff's expert's opinions are unsupported by any evidence other than the expert's assertions, which is not sufficient to withstand summary judgment.

## II.     Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v.*

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence

of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.     Analysis**

Because this case is in federal court on the grounds of diversity jurisdiction, Michigan law governs the dispute. *See DXS, Inc. v. Siemens Medical Systems, Inc.*, 100 F.3d 462, 468 (6th Cir. 1996). In addition, the Agreement contains a choice of law provision indicating that Michigan law controls. *See Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 738-39 (6th Cir. 1999); Restatement (Second) of Conflict of Laws § 187(2) (1988) (providing that choice of law provisions in a contract are generally binding).

Under Michigan law, the elements of a breach of contract claim are the following: (1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury. *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005).

Here, Defendant argues that Plaintiff's claim fails, because Plaintiff cannot show the fourth element that Plaintiff suffered an injury and sustained damages. *Id.* at 718. The Michigan Supreme Court follows the rule of *Hadley v. Baxendale*, 9 Exch. 341 (1854), which provides that "the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in contemplation of the parties at the time the contract was made." *Burton*, 373 F. Supp.

5

2d at 719, *citing Kewin v. Mass. Mut. Life. Ins. Co.*, 295 N.W.2d 50, 52-53 (Mich. 1980). The goal is to "place the non-breaching party in as good a position as if the contract had been fully performed." *Corl v. Huron Castings, Inc*., 544 N.W.2d 278, 280 (Mich. 1996).

Because this breach of contract dispute centers around the sale of goods, the UCC applies. M.C.L. § 440.2102. The UCC allows an aggrieved seller to recover "the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages, minus expenses saved in consequence of the buyer's breach." M.C.L. § 440.2708(1). If this remedy is inadequate, the UCC provides that the seller can recover "the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages . . . ." M.C.L. § 440.2708(2).

Defendant argues in support of its motion for summary judgment that Plaintiff has not shown it suffered damages. Defendant further argues that the UCC section on recovery of lost profits, M.C.L. § 440.2708(2), does not apply here, because Plaintiff cannot show that it is a lost volume seller. Last, Defendant argues that Plaintiff cannot recover for incidental damages, because Plaintiff has not provided evidence to support the allegations that it has incurred incidental damages.

In opposition, Plaintiff argues that it has produced evidence showing damages including lost profits under M.C.L. § 440.2708(2), as M.C.L. § 440.2708(1) does not adequately compensate Plaintiff. Plaintiff also argues that there is sufficient evidence demonstrating its incidental damages.

At the summary judgment stage, a plaintiff is not required to prove its claims, but must present enough evidence to raise a genuine issue material to the action. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 544 (6th Cir. 1999). A plaintiff must produce sufficient evidence "in the record to permit a fact finder to draw reasonable inferences and [to] make a fair and reasonable assessment

of the amount of damages." *Grantham & Mann v. American Safety Prods.*, 831 F.2d 596, 602 (6th Cir. 1987). "Although damages based on speculation or conjecture are not recoverable, damages are not speculative merely because they cannot be ascertained with mathematical precision." *Berrios v. Miles, Inc.*, 574 N.W.2d 677, 680 (Mich. Ct. App. 1997) (citations omitted). It is sufficient if there is a reasonable basis for computation, even if the result is only approximate. *Id*.

Here, Plaintiff has provided purchase orders, spreadsheets, and deposition and affidavit testimony, including that of an expert, in support of its claim for damages including lost profits. Plaintiff asserts that each purchase order has been analyzed in order to calculate Plaintiff's lost profits. Viewing the facts in the light most favorable to the Plaintiff, a reasonable juror could conclude that the damages Plaintiff seeks are reasonable and that there is sufficient evidence to calculate damages.

Defendant argues that Plaintiff's expert's affidavit is unsupported by evidence and is insufficient as proof of damages, by relying on *Williams v. Ford Motor Co.*, 187 F.3d 533 (6th Cir. 1999). In *Williams*, disgruntled employees filed a class action against Ford for racial discrimination, claiming that Ford was using pre-employment tests to exclude the hiring of low-scoring African-Americans. *Id*. at 536. The employees' expert submitted an affidavit to rebut Ford's expert's conclusions. *Id*. at 543. The court held that the employees' expert's affidavit was "entirely conclusory, . . . unsupported by any specific data, and . . . premised on the unsupportable factual assertion that the data was collected after the test had been administered." *Id*. The court reasoned that "while an expert affidavit need not include details about all of the raw data used to produce a conclusion, or about scientific or other specialized input which might be confusing to a lay person, it must at least include the factual basis and the process of reasoning which makes the conclusion

7

viable in order to defeat a motion for summary judgment." *Id.* at 544 (quoting *Hayes v. Douglas Dynamics*, 8 F.3d 88, 92 (1st Cir. 1993)).

Here, Plaintiff submitted an affidavit and opinion letter of its expert, economist Joyce Eastridge, who calculated Plaintiff's net profit losses. In Ms. Eastridge's affidavit, she thoroughly outlines the process she used, along with listing the concrete resources she used for her calculations. Accordingly, unlike the circumstances in the *Williams* case, Ms. Eastridge's affidavit is not entirely conclusory nor without a factual basis or process of reasoning. On the contrary, viewing the facts in the light most favorable to Plaintiff, a reasonable juror could conclude that Plaintiff's expert's affidavit contains a viable conclusion and provides a reasonable basis from which to calculate damages.

Defendant next argues that Plaintiff cannot recover lost profits under M.C.L. § 440.2708(2), because Plaintiff is not a lost volume seller. A seller can recover lost profits when the default measure of damages under M.C.L. § 440.2708(1) does not adequately compensate the seller so as to put the seller in as good a position if performance had occurred. *See Detroit Radiant Prods. Co. v. BSH Home Appliances Corp.*, 473 F.3d 623, 632 (6th Cir. 2007). While a lost volume seller is one situation in which the lost profits remedy may be appropriate, this remedy also applies in other situations. *See, e.g.*, *id.*; *Purina Mills, L.L.C. v. Less*, 295 F. Supp. 2d 1017, 1033-1043 (N.D. Iowa 2003) (discussing the lost profits remedy of U.C.C. § 2-708(2)).

At the summary judgment stage, the Court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Sims v. Memphis Processors, Inc.*, 926 F.2d 524, 526 (6th Cir. 1991). After having reviewed the record, the Court finds that Plaintiff has produced sufficient evidence to show that it has suffered damages and

that lost profit damages may be appropriate to adequately compensate Plaintiff. Accordingly, Plaintiff has a genuine issue of material fact proper for trial.

Last, Defendant argues that Plaintiff has not shown that it suffered incidental damages. Under the UCC, incidental damages include "any commercially reasonable charges . . . resulting from the breach." M.C.L. § 440.2710. At the summary judgment stage, all Plaintiff must do is produce sufficient evidence that raises a genuine issue of material fact such that the issue should be submitted to a jury. *See Anderson*, 477 U.S. at 252; *Williams*, 187 F.3d at 544. Plaintiff has submitted deposition and affidavit testimony in support of its claim for incidental damages. Viewing the facts in the light most favorable to Plaintiff, a reasonable juror could conclude that the incidental damages claimed by Plaintiff are reasonable, that they resulted from a breach, and that they can be calculated with reasonable certainty.

In conclusion, when considering all pleadings, depositions, affidavits, and admissions on file, and when drawing all justifiable inferences in the favor of Plaintiff, the question of damages presents a genuine issue of material fact appropriate for the trier of fact.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 29] is **DENIED**.

**SO ORDERED.**

Dated:   May 3, 2007                          s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Michael D. Martin; Patrick M. McCarthy; Michelle M. Wezner      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                             .

                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845